**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES MARCUS FARLEY,

    Petitioner,

v.            No.  15-cv-161 CG/KK

ARMY BOARD FOR CORRECTION OF
MILITARY RECORDS, *et al.*,

    Respondents.

<u>**MEMORANDUM OPINION AND ORDER**</u>

   **THIS MATTER** comes before the Court on Plaintiff's supplemental filings. (Docs. 28–32). All parties consented to having United States Magistrate Judge Carmen E. Garza conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment. (Docs. 20, 24 and 25). For the reasons stated below, the Court will dismiss this case without prejudice.

**I. Procedural and Factual Background**

   On February 28, 1996, the Army Board for Correction of Military Records ("Board") denied Petitioner's request to correct Petitioner's military record by: (i) upgrading his discharge under other than honorable conditions to an honorable discharge, and (ii) changing his Certificate of Release or Discharge from Active Duty to reflect all of his periods of service. (Doc. 13, Ex. 2). The Board denied Petitioner's request for reconsideration on October 29, 2013. (*Id.*, Ex. 1).

   On August 25, 2014, Petitioner filed a second request for reconsideration with the Board. (Doc. 13, Ex. 1). In its response to the second request, the Board informed Petitioner that the Army regulation setting forth the procedures for processing requests

for correction of military records allows an applicant to request reconsideration of an earlier Board decision, as long as the request is received within one year of the Board's original decision and it has not previously been reconsidered. *(Id.)*. The Board further informed Petitioner that its October 29, 2013 decision on Petitioner's first request for reconsideration constituted the final administrative action taken by the Secretary of the Army, that no further action would be contemplated by the Board because Petitioner is not eligible for further reconsideration, that the Board was returning Petitioner's second request for reconsideration without action, that the Board would not consider any future requests for reconsideration of this matter, and that Petitioner had the option to seek relief in a court of appropriate jurisdiction. (*Id.*).

On November 19, 2014, Petitioner filed a Petition for Review of the Board's decision with the Court of Appeals for the Tenth Circuit. (Doc. 1). After briefing by the parties was completed, the Tenth Circuit concluded it lacked jurisdiction to consider the Petition for Review and found it in the interest of justice to transfer the matter to this Court. (Doc. 17).

After granting Plaintiff's motion to proceed in forma pauperis, United States Magistrate Judge Kirtan Khalsa reviewed Petitioner's Petition for Review, and concluded that because this action may be barred by the statute of limitations the Court may not have jurisdiction over this case. (Doc. 27). Judge Khalsa granted Plaintiff leave to file a supplemental pleading for the purpose of addressing the statute of limitations, equitable tolling of the limitations period, and the Court's jurisdiction. (*Id.*). Plaintiff subsequently filed five additional documents: (i) *Final Response*, (Doc. 28); (ii) *Supplemental Statement to Petition*, (Doc. 29); (iii) a copy of the Court's *Memorandum*

2

*Opinion and Order* filed April 9, 2015, (Doc. 27), accompanied by a motion for a writ of coram nobis, (Doc. 30); (iv) *Memorandum Opinion and Order to*, discussing equitable tolling of statutes of limitations, (Doc. 31); and (v) *Supplemental answers to governmental questions*, (Doc. 32).

## II.   Analysis

The Army Regulation setting forth the procedures for processing requests for correction of military records allows an applicant to request reconsideration of an earlier Board decision if the request is received within one year of the Board's original decision and it has not previously been reconsidered. *See* 32 C.F.R. § 581.3(g)(4).[1] If the request for reconsideration is not received within one year of the Board decision, or if the Board has already considered one request for reconsideration, the Board takes no action and the applicant's next remedy is to appeal the decision to a court of appropriate jurisdiction.

The statute governing the time for commencing an action against the United States provides that "every civil action commenced against the United States shall be

---

[1] 32 C.F.R. § 581.3(g)(4) states:

(4) Reconsideration of ABCMR decision. An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:

(i) If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

(ii) If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

barred unless the complaint is filed within six years after the right of action first accrues."

28 U.S.C. § 2401(a). Plaintiff's cause of action accrued on February 28, 1996, when the

Board denied his request to correct Petitioner's military record. *See Smith v. Marsh*, 787

F.2d 510, 512 (10th Cir. 1986) (holding that plaintiff's "cause of action challenging the

[Board's] decision accrued at the time of that decision").

Plaintiff suggests in his Petition for Review that this action is not time-barred

because his mental illness justifies equitable tolling of the statute of limitations. (*See*

Doc. 1 at 6–7). "Equitable tolling of a limitations period based on mental incapacity is

warranted only in 'exceptional circumstances' that may include an adjudication of

incompetence, institutionalization for mental incapacity, or evidence that the individual is

not 'capable of pursuing his own claim' because of mental incapacity." *Hendricks v.*

*Howard*, No. 07-6274, 284 Fed. Appx. 590, 591 (10th Cir. July 17, 2008) (unpublished)

(quoting *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002). Plaintiff's

Petition for Review does not set forth any exceptional circumstances that would warrant

equitable tolling of the limitations period based on mental incapacity.

Because Plaintiff is proceeding pro se, the Court gave Plaintiff an opportunity to

amend his Petition for Review. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir.

1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in

their pleadings"). The Court identified two issues for Plaintiff to address: (i) whether

there are exceptional circumstances that would warrant equitable tolling of the

limitations period; and (ii) whether the statute governing the time for commencing an

action against the United States, 28 U.S.C. § 2401(a), is a jurisdictional statute of

limitations.[2] (Doc. 27 at 6). The Court gave Petitioner 21 days to file a supplemental pleading and notified Petitioner that failure to timely file a supplemental pleading may result in dismissal of this case without prejudice. (*Id.*).

As explained above, Plaintiff filed five supplemental documents. None of those documents discuss whether 28 U.S.C. § 2401(a) is a jurisdictional statute of limitations. Except for one conclusory statement that Petitioner "has been ill with mental problems as well as physical. Being mental issues Gender identity and MDD," (*see* Doc. 30-1 at 3), none of the five documents that Petitioner subsequently filed allege exceptional circumstances, such as adjudication of incompetence, institutionalization for mental capacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity, which would warrant equitable tolling of the limitations period based on mental incapacity.

One of Petitioner's supplemental documents asserts that the statute of limitations should be equitably tolled on the basis of fraudulent concealment. His conclusory statements, (*see* Doc. 31 at 4–5), that he "discovered information hidden from him" and

---

[2] The Tenth Circuit "has indicated § 2401(a) is a jurisdictional statute of limitations," and that "unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Wild Horse Observers Assoc., Inc. v. Jewell*, No. 12-2190, 550 Fed. Appx.638 n.2 (10th Cir. Dec. 20, 2013) (unpublished) (noting that the Tenth Circuit has not considered this question in a published decision, and the Supreme Court has since held that a limitations provision should not be treated as jurisdictional unless Congress has clearly indicated that the rule is jurisdictional). The United States Supreme Court more recently held that the limitations periods for bringing a claim under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), are not jurisdictional and therefore may be subject to equitable tolling. *See United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015). For comparison, § 2401(b) states "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ," while § 2401(a) states "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The recent Supreme Court decision and the similarity in the language between § 2401(a) and § 2401(b) suggest that the limitations period in § 2401(a) may not be jurisdictional and therefore may be subject to equitable tolling. The Court need not decide whether § 2401(a) is jurisdictional because Petitioner did not allege exceptional circumstances that would warrant equitable tolling of the limitations period.

that he was "misled about his discharge," fail to plead fraud with the particularity required by Fed. R. Civ. P. 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.,* No. 99-3105, 232 F.3d 902 (Table), 2000 WL 1595976, at \*3 (10th Cir. Oct. 26, 2000) (unpublished) (noting that to satisfy the Rule 9(b) standard, "[a]t a minimum, ... a plaintiff [must] set forth the who, what, when, where and how of the alleged fraud."); *see also Anderson Living Trust v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1241 (D.N.M. 2014) (Browning, J.) (dismissing fraudulent concealment cause of action for failure to plead with particularity pursuant to Rule 9(b)).

The Board denied Petitioner's request to correct Petitioner's military record on February 28, 1996, and Petitioner did not commence this action until November 2014, which is well beyond the six-year limit for commencing a civil action against the United States. *See* 28 U.S.C. § 2401(a). Petitioner has not shown any grounds that would warrant equitable tolling of the limitations period. Therefore, the Court will dismiss this action as being brought outside of the applicable limitations period.

## III.     Conclusion

**IT IS THEREFORE ORDERED** that this action be **DISMISSED without prejudice.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

6